May it please the Court, Spencer Smith on behalf of Appellants Andrew Cohen and Joaquin McCoy, if I may reserve two minutes for rebuttal. Yes, but you'll have to keep track of your own time. That's your total time. Very well, Your Honor. On June 8th, the Court issued an order and requested the parties focus their arguments on oral argument to the issues of timeliness of the appeal. And the Court's jurisdiction pursuant to Federal Rule of Appellate Procedure 4A7A2 and Federal Rule of Civil Procedure 58C2 and this Court's decision in Comedy Club, Inc. v. Improv West Associates. A little background information, Your Honors. The District Court entered its contempt order on November 6th, 2007. The appellants attempted to appeal that order on November 16th, 2007. This Court ruled that it would not exercise jurisdiction over the November 16th notice of appeal because the contempt order was not a final judgment. Federal Rule of Appellate Procedure 4A and the Federal Rules of Civil Procedure 58 go into the issues of when a final judgment is not entered. What is the timing for the appeal? And I want to first focus on the Court's decision in Comedy Club, Inc. In Comedy Club, Inc., the District Court found that it cannot exercise jurisdiction over an order compelling arbitration. That case can be distinguished from the instant action because the order compelling arbitration resulted in a dismissal of all of the appellant's claims. Here, the District Court did not, at any point in time, issue an order dismissing the appellant's claims. In fact, what happened here was on July 1st, 2009, the San Francisco Superior Court issued the first judgment in this case. And that was a summary judgment dismissing Andrew Cohen's claims. On July 22nd, 2009, the appellants filed their notice of appeal here with the Court. Again, the only judgment that has been entered into this case and the only order that has been entered into this case is the July 1st, 2009 order. A case that's instructed for the Court to look at is a Gonzalez v. Texaco, Inc. It's a 2009 case by this Court. The site is 344-FED-APPX-304. In that case, the Court cited the Supreme Court case of Cunningham v. Hamilton County of Ohio, 527 U.S. 198, a 1999 case. In the Cunningham v. Hamilton case, the Supreme Court analyzed when a party, an attorney who is sanctioned, can appeal to the District Court. And again, the... What's the date of that case? 1999, Your Honor. Would you like me to give you the site again? Not yet. Okay. Again, the Supreme Court stressed that sanctions against an attorney are not final for the purposes of Section 1291 jurisdiction. And this Court, in Stanley v. Woodford, 449-F3-1060, pinpoint site 1063, a 2006 case, expanded the decision of Cunningham to other areas of attorney sanctions. And the point there that the Court made in Stanley was the Court was concerned about piecemeal appeals. When attorneys are sanctioned, when they're held in contempt with their clients, this could delay the finality of... Counsel, when did you have an order that you could appeal? The only order that could have been appealed was the summary judgment order. What happened here was... And the summary judgment order is issued when? July 1, 2009. The summary judgment order was issued by which court? The San Francisco Superior Court. Okay. How do you get an appeal to the Ninth Circuit from San Francisco Superior Court? Because the Ninth Circuit entered the contempt order here. And because this Court refused to exercise jurisdiction when the appellants first appealed in November 16, 2007, the parties had to wait for some type of final judgment. And the way we got... Will 1291 even allow you to appeal a final judgment of a state court? Here we're not trying to appeal the summary judgment order. We're trying to appeal the interlocutory order of the contempt order. Yes, but you have to take a final appeal from an order. And I've never seen a case in which you could take an appeal from a final order of a state court and bring it here. Again, it's a very unusual situation in light of the remand that happened in this case. When the case was remanded on March 12, 2008, the respondents have argued that that was the final order of the district court, and that's when the time should have run. We've cited cases in our opening and reply brief wherein this court and other federal courts have stated that remands are not appealable orders. So, again, an unusual situation where you have both federal and state claims, and the federal claims are dismissed, but the litigation goes forward on the state claims. Why isn't the remand order in October of 2008 the final order? And why isn't that governed just squarely by FRAP Rule 4? It was not a final order because the litigation continued on. Judge Olson, I'm sorry. But it was final for purposes of the district court. The district court was closing out the docket. The district court was done. We have a whole slew of cases that say that something's final if there's nothing left for the district court to do. And, again, the way the case was pleaded with both federal and state claims under Title VII and under FEHA, the issue, the court did exercise jurisdiction on both the state and federal claims. And that's why the – But there's no question that Judge Ilsen, as of October of 2008, thought she was done with the case. That is correct, Your Honor. Nothing left for her to do. And so why doesn't that covered by a rule that says you could have gone to that point, you could have gone to Judge Ilsen and said we really need some clarification here because we've got a sanction order that's hanging over our heads. Would you issue a final judgment? Now, if she refuses to do that, we ought to take that into account. But when you didn't do that and she didn't on her own initiative issue such an order, then it looks like that gap is bridged by a new rule under FRAP 4. And what happened here is because of the way the case proceeded, there was a protective order entered which covered the confidential information regarding the investigation into the video. Judge Ilsen issued that order which followed the parties along into state court. And so the parties, in order to avoid, again, piecemeal appeals, to have an appeal going on in the Ninth Circuit when the protective order still governed how the parties would interact with each other as they went through discovery and other matters in terms of confidentiality as testimony was designated confidential, information regarding the investigation under the protective order was labeled as confidential. This matter involved police officers' confidential records. And so the appellants did not appeal at that time because the jurisdiction of the court was still over the parties in light of the protective order which proceeded with the case. And I'm going to reserve the rest of my time, Your Honor. You may. Thank you. If it pleases the Court, appellant's argument, obviously I haven't read the cases that were just referenced, but it confuses the issue. The issue is not when the sanctions order was. The sanctions order was not an immediately appealable order. That issue was already addressed by this Court when they did file an immediate appeal. Rather, the order that triggered the duty to appeal in this case was the order of dismissal in October of 2008, where Judge Ilston dismissed the federal claims at plaintiff's urging after a number of other claims had been dismissed on a motion to dismiss, and then dismissed the state claims and remanded jurisdiction to the state court. After that time, as Your Honors have pointed out, there's nothing further for Judge Ilston to do. There was no jurisdiction in the district court. Clearly, the time began running at that point. A number of decisions of this Court established that that order started the clock running on appellant's right to appeal not only the November 2007 sanctions order, but any other orders that had been issued by the district court which were not immediately appealable in and of themselves. In the case of Pelleport Investors v. Budcock Quality Theaters of 741 F. 2nd 273 cited in the papers, the district court dismissed a third-party defendant and then afterwards said, and now we don't have diversity jurisdiction, and based on that, remanded the case. And the Ninth Circuit concluded that while the remand order itself was not appealable, the preceding order dismissing the third-party defendant and thus divesting the court of jurisdiction was itself appealable and immediately appealable at the time that the case was remanded. In the case that the Court has referred us to, Comedy Club v. Improv West Associates 553 F. 3rd 1277, that case addresses the time for appeal in the absence of a final judgment by the Court where an order is issued, but the Court does not at the same time issue a final judgment. And the Court found that an order that compelled arbitration in that case, where it had the effect of divesting the Court of any issues to decide, had the effect of being a final order, and under Rule 4A. 7A. 2, started the running of the clock of the 150-day period for appeal. I don't think that there's any authority to the contrary, and I think that this case was appealable by no later than 180 days after the Court's October 2008 remand order. I would gladly address other issues for the Court or answer any questions, but I honestly feel like I've done everything I can to make it clear. Any questions? No. Thank you. Thank you. Very briefly, Your Honors. Again, as a matter of equity, we would ask the Court to consider the subsequent events doctrine also. The subsequent events doctrine can cure a prematurely filed appeal of a clearly interlocutory order. That's special. Your problem is that it isn't premature. Your problem is now that it's way too late. Again, we would argue that the original appeal of November 16, 2007, was the appeal order. Yeah, but we've already ruled on that, and that's now law of the case. Okay. That's not law of the case in terms of the dismissal, Your Honor? Well, we've already ruled once that that appeal was too early. Right. And we would argue as a matter of equity that the – I realize it sounds like we're playing three bears here, but you're now too late. Right. And when you have a prematurely filed appeal under the subsequent events doctrine, that can cure – that should cure the appeal that you're now arguing is too late. And the cite I would give is two cases, Your Honors, and I'll be done here. It's Special Investments, Inc., v. Arrow Air, Inc., 360, Fed Third, 989, 9th Circuit, 2004. And finally, Gonzalez v. Texaco, Inc. Again, I gave that cite earlier in my opening arguments. Thank you. Thank you. The case just argued is submitted for decision.
judges: Panner, Schroeder, Bybee